JACKSON, Harvey, Appellant,

v.

TEMPLE UNIVERSITY OF the COM-
MONWEALTH SYSTEM OF HIGHER
EDUCATION; Temple University Hos-
pital; Affiliate District 1199(c) of the
National Union of Hospital and Health
Care Employees, Division of RWDSU,
AFL-CIO, Appellees.

No. 82-1828.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
July 21, 1983.

Decided Nov. 29, 1983.

As Amended Dec. 13, 1983.

Leslie Weisse, George Willner P.C., King of Prussia, Pa., for appellant.

Miriam L. Gafni, Freedman & Lorry, P.C., Philadelphia, Pa., for appellee Affiliate Dist. 1199(c) of the Nat. Union of Hosp. and Health Care Employees.

Mary Ellen Krober, Associate Counsel, Robert J. Reinstein, University Counsel, Philadelphia, Pa., for appellees Temple University and Temple University Hosp.

Before ADAMS and HIGGINBOTHAM, Circuit Judges, and TEITELBAUM, District Judge.*

## OPINION

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

Mr. Harvey Jackson, a public employee, appeals a district court order granting the summary judgment motions filed by defendants Temple University of the Commonwealth System of Higher Education and Temple University Hospital ("Employer"), and Affiliate 1199(c) of the National Union of Hospital and Health Care Employees ("Union"). Appendix ("App.") 94A.

Mr. Jackson filed suit against the Employer and Union in the district court claiming that 42 U.S.C. § 1983 and 29 U.S.C. § 185 were violated because of the inherently biased hearing conducted by the Employer as to his allegedly wrongful discharge and because of the Union's refusal to bring his claim to arbitration. The district court granted summary judgment motions in favor of the defendant Union and defendant Employer and against Mr. Jackson on his claim under 29 U.S.C. § 185. The district court dismissed Mr. Jackson's claim brought under 42 U.S.C. § 1983.

Mr. Jackson argues that the district court erred in dismissing as untimely his claims under the National Labor Relations Act ("NLRA") 29 U.S.C. §§ 151, 185 and in dismissing his due process claim for failure to set forth facts sufficient to state a cause of action under 42 U.S.C. § 1983.

This case arose because Mr. Jackson was fired after he was found with a bag containing 8 operating room ("O.R.") scrub pants while allegedly attempting to steal them. App. 61A. His being found with pants is not alleged. Rather, his having stolen them is alleged. The Union, as the sole and exclusive bargaining representative of Mr. Jackson under the collective bargaining agreement, handled Mr. Jackson's grievance alleging that he was unjust-ly fired and the Union initiated a so-called "Step 3 grievance" which provided Mr. Jackson with a hearing wherein Mr. Jackson and his only witness testified. *Id.* 4A, 63 A. Following the hearing, the Employer denied the grievance.

The Union thereafter mailed to Mr. Jackson's home address a series of certified letters dated December 11, December 23, and December 29, 1981 stating that his grievance would "not be pursued to the arbitration step of the Grievance and Arbitration Procedure" provided in the collective bargaining agreement. *See* 65A–70A; 73A–74A. However, Mr. Jackson never picked up any of these letters. The post office therefore returned the letters to the Union. Mr. Jackson denies that he ever received notice of the Union's decision not to proceed to arbitration at any time or by any means. It is admitted, however, that on April 23, 1982 Mr. Jackson's counsel had received and reviewed the above mentioned series of letters. App. 78A.

The issue which we must decide first is whether the district court erred in dismissing Mr. Jackson's claim that the Employer and Union violated his due process right guaranteed by 42 U.S.C. § 1983.

> Section 1983 provides in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....
>
> 42 U.S.C. § 1983.

As Chief Justice Burger stated in *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), "[t]he ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attrib-

---

* Honorable Hubert I. Teitelbaum, United States District Court for the Western District of Penn-sylvania, sitting by designation.

utable to the state?'" *Id.* at 2770, quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982).

In this case, plaintiff sued both the Employer and the Union. The district court found however that each defendant had different defenses which warranted the dismissal of plaintiff's claim under a Section 1983 action.

■ In dismissing Mr. Jackson's claim against the Union, the district court indicated that the plaintiff failed to satisfy the threshold requirement of a successful section 1983 claim: a showing of "state action." [1]

The district court focused on the failure of Mr. Jackson to set forth any facts suggesting that the state was responsible for the Union or that the Union was acting under color of state law in deciding not to bring Mr. Jackson's grievance to arbitration. Therefore, the district court concluded that the Union's action could not be "fairly attributed" to the state. We agree.

With regard to Mr. Jackson's section 1983 claim against the Employer, the district court assumed *arguendo* the existence of state action. Thus, the only remaining question centered on the second requirement of section 1983—whether grievance hearings conducted by the Employer, even if assumed to be inherently biased as plaintiff claims, denied Mr. Jackson a property interest in his job without due process.

■ In analyzing plaintiff's case to determine whether there had been a deprivation of plaintiff's right, the district court recognized that Mr. Jackson could request the Union to demand binding arbitration under the collective bargaining agreement. The Union, as the sole and exclusive bargaining representative, had the ultimate power to make a fair and responsible determination as to whether it would invoke the arbitration provision available under the collective bargaining agreement. The right to proceed to arbitration provided Mr. Jackson with an adequate due process safeguard even if the hearing conducted by the Employer earlier had been inherently biased.[2] Because Mr. Jackson did not allege that the Employer was "in any way involved in the Union's decision not to proceed to arbitration," App. 104A, the district court concluded that the Employer did not deny Mr. Jackson a property interest in his job without due process. *Id.* 105A; *see, Semancik v. United Mine Workers of America District # 5,* 466 F.2d 144, 157 (3d Cir.1972). Again, we agree.

■ Mr. Jackson also appeals the district court's order holding that his claim under 29 U.S.C. § 185 is time barred. We believe that the district court erred in considering this claim. Public employees simply are not covered by the NLRA, 29 U.S.C. § 152(2). Mr. Jackson has alleged, and all of the parties agree, that he was a public employee and that Temple was a public employer under the Public Employee Relations Act, 43 P.S. § 1101.101, et seq. ("PERA"). By definition, a public employer and a public employee covered by PERA are not covered by the NLRA, 43 P.S. § 1101.301(1)(2). Therefore, the district court should have dismissed for lack of subject matter jurisdiction Mr. Jackson's claims against the

---

1. The district court observed that Mr. Jackson "cited no case, which has recognized a section 1983 action where a union has refused to take to arbitration an employee's claim against a public employer." App. 105A. We also are unaware of any such precedent, binding or otherwise.

2. Though involving a different statutory setting, this court in *Semancik v. United Mine Workers of America District # 5,* 466 F.2d 144, 157 (3d Cir.1972), commented on the traditional due process mandate of an unbiased forum where the sole existing forum did not have the "semblance of impartiality which due process requires." 466 F.2d at 157. The court focused on the absence of an "alternative forum" which was not biased against the plaintiffs. Unlike *Semancik,* here, in the form of an arbitration proceeding, we have an "alternative forum" to the employer's prior hearing which Mr. Jackson claims was biased against him. The right to arbitrate provided Mr. Jackson with essentially the same due process safeguards which would have been available through an unbiased hearing. There is no evidence suggesting that the arbitration proceeding would have been biased against Mr. Jackson. Therefore, even assuming that Mr. Jackson had a protected property interest in his job, there is no due process violation in this case.

934

Employer and Union brought under the NLRA.

For these reasons, we will affirm that portion of the district court's order dismissing plaintiff's section 1983 claim. We will vacate that portion of the district court order granting the summary judgment motions of the Employer and Union which assert that Mr. Jackson's NLRA claims were outside the relevant statute of limitations, and will remand the case to the district court with instructions to dismiss plaintiff's NLRA claim for lack of subject matter jurisdiction.