

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2007

# Johnson v. Intl Brhd Teamsters

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1790

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Johnson v. Intl Brhd Teamsters" (2007). *2007 Decisions.* Paper 117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1790
_____

GEORGE E. JOHNSON JR.,

VS.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS (LOCAL 830); JOSEPH
BROCK, PRESIDENT; SCOTT MICHEL, TRUSTEE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-03699)
District Judge: Honorable Louis H. Pollak
_____

Submitted under Third Circuit LAR 34.1(a)
October 23, 2007

Before:    MCKEE, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: December 7, 2007)

_____

OPINION
_____

PER CURIAM

On March 9, 2007, the District Court entered an order granting the defendants'

Rule 12(b)(6) motion to dismiss.  We will affirm for the reasons discussed below.

## I.

On March 18, 2004, Jerith Manufacturing Co. ("Jerith") accused pro se plaintiff Johnson of misconduct at work and terminated his employment as a mechanic. The next day, Johnson filed a grievance with his union, the International Brotherhood of Teamsters (Local 830), regarding the termination.[1] The union held a hearing at which Johnson claims that he was "repeatedly denied the opportunity to confront and/or cross-examine the witnesses against him. . . ." Johnson filed another grievance on March 31, 2004, claiming that he had been terminated without just cause. Jerith refused to hear the March 31st grievance because it was essentially the same as the one filed on March 19th. Then, in August 2004, union president Joseph Brock informed Johnson that the union would not pursue his unjust discharge grievance to arbitration.

Two years later, Johnson filed the instant lawsuit in the U.S. District Court for the Eastern District of Pennsylvania, which claimed, among other things, that the union, Brock, and union officer Scot Michel violated 42 U.S.C. § 1983 by breaching their duty of fair representation and violating his due process rights apparently during the March 19, 2004 hearing, which Johnson describes as a "quasi-judicial tribunal." Johnson filed an amended complaint on September 22, 2006, which the defendants moved to dismiss six days later.

---

[1] This was Johnson's third grievance in a month regarding his employment at Jerith.

On March 9, 2007, the District Court entered a memorandum order granting the motion to dismiss because: (1) Johnson could not sustain a claim under 20 U.S.C. § 1095(a) because the defendants (the union and its officers) did not employ Johnson; (2) Johnson could not sustain a claim under 42 U.S.C. § 1983 against the defendants because they were not state actors; and (3) any claim alleging that the defendants breached their duty of fair representation[2] was barred by the statute of limitations. Johnson timely appealed from the District Court's order, but only challenges the District Court's finding that neither the union nor its officers were state actors within the meaning of 42 U.S.C. § 1983.[3] In particular, Johnson avers that because the union implements and enforces the laws "with regard to employees and in this capacity, they are, in fact acting under color of state law."

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review of a dismissal for failure to state a claim. Angstadt v. Midd-West Sch. Dist., 377 F.3d 338,

---

[2]     Johnson did not specifically allege a claim for breach of the duty of fair representation, but the District Court construed the pro se complaint liberally to include such a claim.

[3]     Johnson has waived his right to appeal from the decision regarding his claim under 20 U.S.C. § 1095(a), as well as the finding that a claim against defendants for breaching their duty of fair representation was time-barred. See In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 286 n.17 (3d Cir. 2006) ("[I]t is well-settled in this court that an 'appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.'") (internal citation omitted).

3

342 (3d Cir. 2004). As the District Court correctly assessed, Johnson's claim that the union and its officers violated 42 U.S.C. § 1983 cannot be sustained because the defendants are not state actors, nor did they act under color of state law.

As the District Court explained, a claim for a violation of civil rights under 42 U.S.C. § 1983 can only be sustained if a defendant deprives a plaintiff of a federal constitutional or statutory right either as a state actor or while acting under color of state law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). However, as the District Court correctly determined, labor unions are generally not state actors—they are private entities. See Ciambriello v. County of Nassau, 292 F.3d 307, 323-24 (2d Cir. 2002). And as to whether the union and its officials acted under color of state law, "the ultimate issue is . . . [whether] the alleged infringement of federal rights is 'fairly attributable to the state[.]'" Jackson v. Temple Univ. of the Commonwealth Sys. of Higher Ed., 721 F.2d 931, 933 (3d Cir. 1983) (internal citations omitted). As in Jackson, Johnson has failed to set forth facts "suggesting that the state was responsible for the Union or that the Union was acting under color of state law," either in its conduct of the grievance hearing or in its decision not to bring Johnson's grievance to arbitration. See id. Accordingly, the District Court correctly determined that Johnson could not proceed under § 1983 against the union or its officials.

For the foregoing reasons, we will affirm the District Court's order entered on March 9, 2007.